UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

MELINA RAZAVI,

              Plaintiff,

    v.

GARY MARTINS, et al.,

              Defendants.

Case No. 17-cv-00717-JST

**ORDER GRANTING DEFENDANTS' MOTION TO DISMISS**

Re: ECF No. 62

      Before the Court is Defendants' motion to dismiss the first amended complaint. ECF No. 62. The Court will grant the motion.

## I.    BACKGROUND

      For the purpose of deciding this motion, the Court accepts as true the following factual allegations from Plaintiff's First Amended Complaint ("FAC"). ECF No. 60.

      Pro Se Plaintiff Melina Razavi brings this suit against California Highway Patrol ("CHP") and Officer Gary Martens for an allegedly unlawful detention.[1] See id. Razavi "suffered a stroke several years ago, and is permanently disabled." Id. ¶ 10. Plaintiff is "unable to care for herself or attend to many of her daily needs." Id. One of the physical manifestations of Razavi's condition is "that her speech is frequently slurred and inaudible" and her mouth "tends to droop uncontrollably." Id. ¶ 11.

      On February 10, 2016, between 4:00 and 5:00 a.m., Razavi stopped at a gas station near Lodi, CA. Id. ¶¶ 12-13. Razavi approached Martens, who was wearing plain clothes, to ask for directions. Id. ¶¶ 14-15. Martens identified himself as a CHP officer and mistook her disability as

---

[1] Even though the complaint spells the Officer's last name as "Martins," the Court will spell it as "Martens" because that is how Defendants spell it.

a sign that she was driving under the influence of drugs or alcohol.  <u>Id.</u> ¶¶ 16-17.  Razavi explained that her disability caused slurred speech, a drooping mouth, and difficulty understanding information.  <u>Id.</u> ¶ 17.  Martens responded by insisting Razavi take a sobriety test, forcing her to remain in her vehicle, and informing the CHP of her detention.  <u>Id.</u> ¶¶ 20-22.  Razavi was eventually able to depart the area, but she "suffered extreme shock and trauma and permanent injuries as a result of the incident."  <u>Id.</u> ¶¶ 23-24.  Razavi does not allege that a sobriety test ever took place.  <u>See generally</u>, <u>id.</u> ¶¶ 1-88.

Razavi filed a complaint against CHP and Martens on February 10, 2017.  ECF No. 1. Defendants filed a motion to dismiss on June 22, 2017.  ECF No. 42.  On August 14, 2017 this Court issued an order adopting Magistrate Judge Laurel Beeler's Report and Recommendation to dismiss the complaint, but gave Razavi leave to file an amended complaint.  ECF Nos. 50, 55. Razavi filed the FAC on October 2, 2017.  ECF No. 60.  Defendants now move to dismiss.  ECF No. 62.

## II.    REQUEST FOR JUDICIAL NOTICE

Courts "must take judicial notice if a party requests it and the court is supplied with the necessary information."  Fed. R. Evid. 201(c)(2).  Courts may take judicial notice of "matters of public record."  <u>Lee v. City of Los Angeles</u>, 250 F.3d 668, 689 (9th Cir. 2001).  Defendants ask the Court to take judicial notice of the Vexatious Litigant List from Pre-filing Orders Received from California Courts, Prepared and Maintained by the Administrative Office of the Courts.  ECF No. 17 at 1,5.  Razavi does not object.  The Court grants this request.

## III.    LEGAL STANDARD

The court must grant a motion to dismiss under Rule 12(b)(6) if the complaint fails to provide "enough facts to state a claim to relief that is plausible on its face."  <u>Bell Atl. Corp. v. Twombly</u>, 550 U.S. 544, 570 (2007).  Facial plausibility exists when a plaintiff "pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  <u>Ashcroft v. Iqbal</u>, 556 U.S. 662, 678 (2009) (citation omitted).  But "threadbare recitals of the elements of a cause of action" and "mere conclusory statements" are insufficient to provide the requisite factual basis for a claim.  <u>Id.</u> (citation omitted).  "In

determining whether a plaintiff has met this plausibility standard, the Court must "accept all factual allegations in the complaint as true and construe the pleadings in the light most favorable" to the plaintiff.  Knievel v. ESPN, 393 F.3d 1068, 1072 (9th Cir. 2005).

"In civil rights cases where the plaintiff appears pro se, the court must construe the pleadings liberally and must afford plaintiff the benefit of any doubt."  Karim-Panahi v. Los Angeles Police Dep't, 839 F.2d 621, 623 (9th Cir. 1988) (citation omitted).  "Unless it is absolutely clear that no amendment can cure the defect, however, a pro se litigant is entitled to notice of the complaint's deficiencies and an opportunity to amend prior to dismissal of the action."  Lucas v. Dep't of Corrections, 66 F.3d 245, 248 (9th Cir. 1995) (citation omitted).

## IV.    ANALYSIS

Razavi brought suit against Defendants for (1) a Fourth Amendment violation; (2) a Section 1983 violation; (3) an Americans with Disabilities Act ("ADA") violation; (4) false imprisonment; and (5) negligence.  ECF No. 60 at 1.

### A.    Fourth Amendment and Section 1983

Razavi alleges that Martens violated her "Fourth Amendment rights to be secure in her person from unreasonable search and seizure."  FAC ¶ 35.  She also alleges a violation of Section 1983 because Martens "acted under color of state law" when violating her "Fourth Amendment rights to be secure in her person from unreasonable search and seizure."  Id. ¶¶ 38, 49.

However, Razavi does not adequately plead that "her Fourth Amendment right to be secure in her person from unreasonable search and seizure" was violated.  Id. ¶¶ 35, 49.  Even assuming that Razavi adequately alleges seizure,[2] she has not adequately alleged that the seizure was unreasonable.  It is reasonable for an officer to "briefly detain a person for investigative purposes if the officer has a reasonable suspicion supported by articulable facts that criminal activity 'may be afoot,' even if the officer lacks probable cause."  United States v. Sokolow, 490 U.S. 1, 7 (1989) (citing Terry v. Ohio, 392 U.S. 1, 30 (1968)).  Here, taking Razavi's allegations as true,

---

[2] Razavi alleges that Martens "did not allow [her] to depart the area of the gas station . . . forced [her] to remain in her vehicle and . . . placed a call to CHP and indicated that he was detaining [her]."  FAC ¶¶ 21-22.  Razavi also alleges that Martens insisted that Plaintiff take a sobriety test, although she does not allege that the test actually occurred.  Id. ¶ 20.

United States District Court
Northern District of California

1   Martens acted reasonably when detaining Razavi to determine if she was a driver under the

2   influence of alcohol or drugs.  See Cal. Veh. Code §§ 23152(a) and (f) (making it unlawful to

3   drive while under the influence of alcohol or drugs).  Therefore, Defendants' motion to dismiss the

4   Fourth Amendment and Section 1983 claims is granted.

5       **B.      Americans with Disabilities Act**

6       Razavi alleges that Martens and CHP discriminated against her by unreasonably treating

7   her physical disability as a sign that she was drunk or under the influence.  FAC ¶ 64.

8       Title II of the ADA provides that "no qualified individual with a disability shall, by reason

9   of such disability, be excluded from participation in or be denied the benefits of the services,

10  programs, or activities of a public entity, or be subjected to discrimination by any such entity."  42

11  U.S.C. § 12132.  "Discrimination includes a failure to reasonably accommodate a person's

12  disability."  Sheehan v. City & Cty. of San Francisco, 743 F.3d 1211, 1231 (9th Cir. 2014), rev'd

13  in part, on other grounds , 135 S. Ct. 1765 (2015).  The Ninth Circuit has recognized that Title II

14  claims apply to arrests when police "fail to reasonably accommodate the person's disability in the

15  course of investigation or arrest, causing the person to suffer greater injury or indignity in that

16  process than other arrestees."  Id. at 1232 (citation omitted).

17      Even assuming Razavi adequately alleges that she has a disability within the meaning of

18  the ADA,[3] she does not plausibly allege that Martens failed to accommodate her disability.

19  Razavi alleges that "Martens unreasonably mistook [her] symptoms of disability as signs that she

20  was driving under the influence."  FAC ¶ 57.  This allegation is conclusory.  As described above,

21  Martens actions were reasonable.  Razavi does not identify what steps, if any, Officer Martens was

22  obligated to take to accommodate her disability.  Razavi does not include facts alleging that

23  Martens caused her to suffer greater injury or indignity than others.  Nor does it appear that

24  Officer Martens took any action beyond what was necessary to confirm that Razavi was not

25  driving while intoxicated.  Therefore, Defendants' motion to dismiss the ADA claim is granted.

26

27  [3] Razavi alleges that she is permanently disabled.  FAC ¶ 51.  She alleges that she suffered a
    stroke and "is unable to care for herself or attend to many of her daily needs."  Id.  She further
28  alleges that one of the manifestations of her disability "is that her speech is slurred and inaudible"
    and her mouth "tends to droop uncontrollably."  Id. ¶ 52.

### C.      False Imprisonment

Razavi alleges that Martens did not allow her "to depart the area of the gas station" and forced her "to remain in her vehicle and did not allow her to leave her vehicle." FAC ¶ 73. "Under California law, the elements of a claim for false imprisonment are: '(1) the nonconsensual, intentional confinement of a person, (2) without lawful privilege, and (3) for an appreciable period of time, however brief.'" Young v. Cty. of Los Angeles, 655 F.3d 1156, 1169 (9th Cir. 2011) (citing Easton v. Sutter Coast Hosp., 80 Cal. App. 4th 485, 496 (Cal. App. 2000)). Even assuming Razavi adequately alleges that she was briefly confined to her vehicle, she does not adequately allege that her confinement was without lawful privilege. To the contrary, as described above, the steps taken by Martens were reasonable on the facts alleged.

Razavi argues that she adequately alleges that Martens lacked lawful privilege. ECF No. 74 at 6. She notes that she alleges that Martens was dressed in plainclothes. Id. She also points to her allegations that "he was not observably on duty" and that "under these circumstances he cannot claim a lawful privilege because he was not on duty." Id. However, Razavi also alleges that Martens "identified himself as a CHP officer." FAC ¶ 70. "Police officers are on duty 24 hours a day under California law. . .[and] the authority of police officers extends to any place in the state as to any public offense committed in the police officer's presence." Garza v. City of Los Angeles, No. 216CV03579SVWAFM, 2017 WL 5635460, at *12 (C.D. Cal. June 20, 2017) (internal quotation marks and citations omitted).

Because Razavi does not plausibly allege that Martens lacked lawful privilege, Defendants' motion to dismiss the false imprisonment claim is granted.

### D.      Negligence

To recover for negligence, Razavi "must establish: (1) duty; (2) breach; (3) causation; and (4) damages." Samuels v. Holland Am. Line-USA, Inc., 656 F.3d 948, 953 (9th Cir. 2011) (citation omitted). Razavi alleges that "the incident did proximately result in damages to Plaintiff." FAC ¶ 87. She also alleges that as "a proximate result of the wrong acts, and/or the wrongful omissions of Martens in negligently and unreasonably treating Razavi's physical disability as a sign that she was drunk or under the influence, and therefore unreasonably detaining

her at the gas station, Razavi was injured in her health, strength and activity, all to her general damages in an amount to be shown according to proof." Id. ¶ 88. Razavi does not plausibly allege any facts alleging that Martens breached any duty he might have owed her. Therefore, Defendants' motion to dismiss the negligence claim is granted.

### E. Leave to Amend

Courts consider "bad faith, undue delay, prejudice to the opposing party, futility of the amendment, and whether the party has previously amended [her] pleadings" when considering whether to grant leave to amend. Bonin v. Calderon, 59 F.3d 815, 845 (9th Cir. 1995) (citation omitted). Each factor is not given equal weight; "[f]utility of amendment can, by itself, justify the denial of a motion for leave to amend." Id. When a pro se plaintiff has filed a complaint, courts must "construe the pleadings liberally and . . . afford the petitioner the benefit of any doubt." Hebbe v. Pliler, 627 F. 3d 338, 342 (9th Cir. 2010) (quoting Bretz v. Kelman, 733 F.2d 1026, 1027 n. 1 (9th Cir. 1985) (en banc)). The Court should first consider less drastic alternatives, but "need not exhaust them all before finally dismissing a case." McHenry v. Renne, 84 F.3d 1172, 1178 (9th Cir. 1996) (citation omitted). The Court's "discretion to deny leave to amend is particularly broad where plaintiff has previously amended the complaint." Cafasso, U.S. ex rel. v. Gen. Dynamics C4 Sys., Inc., 637 F.3d 1047, 1058 (9th Cir. 2011) (citations omitted).

Although Razavi is a pro se litigant, she is familiar with court rules and procedure as she has filed numerous cases in state and federal court. And, she has previously been given leave to amend in this case. ECF No. 55. Nonetheless, Razavi has not been able to allege sufficient facts to support any legal claims. The Court concludes that amendment would be futile.

## CONCLUSION

Razavi's FAC is DISMISSED WITH PREJUDICE.

**IT IS SO ORDERED.**

Dated: April 24, 2018

_____
JON S. TIGAR
United States District Judge

6